### Joliet Railway Co. v. Matilda S. Ferguson.

1. VERDICTS—*Conclusive upon Questions of· Fact.*—Where questions of fact are fairly submitted to a jury its verdict is, as a general rule, conclusive.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

D. F. HIGGINS and MEERS & BARR, attorneys for plaintiff in error.

JOHN W. D'ARCY, attorney for defendant in error.

MR. JUSTICE CRABTREE delivered the opinion of the court. This was an action on the case by defendant in error against plaintiff in error, to recover damages for personal injuries alleged to have been sustained by her, while she was attempting to take passage in one of the street cars operated by plaintiff in error in the city of Joliet, about four o'clock in the afternoon of March 12, 1898. It is charged in the declaration, that while the plaintiff was in the act of entering the car, after she had taken hold of the

hand rail thereon, and was about to climb the steps, the said car was suddenly and violently started through the negligence of the servants of the plaintiff in error, whereby she was thrown down with great force and violence against the car and was dragged upon the ground for a long distance, by reason whereof she received serious and permanent injuries.

The cause has been three times tried by jury. The first trial resulted in a verdict for plaintiff of $2,575. A new trial was granted, and the cause tried by another jury, resulting in a disagreement. Upon a third trial plaintiff recovered a verdict for $950. A motion for a new trial was overruled, and the cause comes to this court upon error.

The record presents no question of law for our consideration, no complaint being made as to the rulings of the court on evidence or upon the instructions to the jury. It is insisted, however, by counsel for plaintiff in error, that the evidence is insufficient to support the verdict; that the alleged negligence of the defendant was not established, and that the evidence shows an entire want of due care upon the part of the plaintiff. There is a sharp conflict in the evidence as to the circumstances surrounding the accident, and as to whether plaintiff was injured as claimed. Had the jury found the other way, we should have been unwilling to interfere with their verdict upon the evidence. We think all the questions of fact, including the alleged negligence of plaintiff in error, were fairly submitted to the jury, and we see no just reason why we should say we know better than they did what the truth was. The trial judge, who saw the witnesses and heard them testify, approved the verdict of the jury, and in such a state of facts, where the evidence is close and contradictory, and where there have been three trials of the case, as here, we think we ought not to interfere. Upon a review of all the evidence, we see no sufficient reason for reversing the judgment, and it will therefore be affirmed.

Mr. Justice DIBELL having presided at the trial of this cause in the court below, took no part in its decision in this court.